IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICKEY J. BERGERON, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 15-1006 |
| v. | ) ) | Judge Cathy Bissoon |
| BENTON ENERGY SERVICE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff Mickey J. Bergeron (Plaintiff)'s Motion to Enforce Court Approved Settlement. (Doc. 40). For the following reasons, Plaintiff's Motion will be GRANTED.

**I.  MEMORANDUM**

A.  Background

On August 3, 2015, Plaintiff filed a Complaint against Defendant Benton Energy Service Company ("Defendant"), on behalf of himself and others similarly situated, alleging violations of the Fair Labor Standards Act (FLSA). (Doc. 1). On August 26, 2016, Plaintiff and Defendant filed a Joint Motion for Preliminary Approval of Proposed Collective Action Settlement and a Joint Stipulation and Settlement Agreement of Collective Action Claims ("Settlement Agreement"). (Doc. 35). The Settlement Agreement provides that Defendant will pay a gross settlement amount of $260,523 to class members and Plaintiff's counsel in exchange for a release of all claims asserted in the lawsuit. (Doc. 35-3 ¶¶ 2(a), 2(b) and 2(c)). The Settlement

Agreement further provides that Defendant will issue such payments "within 10 days after Plaintiff's Counsel . . . file[s] a notice with the Court setting forth a listing of Settlement Class members who have returned a timely Notice of Consent . . . ." (Doc. 35-3 ¶¶ 5(b), 6).

On August 30, 2016, this Court granted the Motion to Settle and approved the Settlement Agreement. (Doc. 36). In its August 30, 2016 Order, the Court dismissed the case with prejudice but retained jurisdiction to enforce the Settlement Agreement. (See id). On December 22, 2016, Plaintiff's counsel filed a Notice of Settlement Class Members. (Doc. 37). According to the parties, 13 days later, on January 4, 2017, Plaintiff's counsel, Attorney Richard Burch, emailed Defendant's counsel, Attorney Phillip J. Binotto, Jr. and Attorney Zachary D. Bombatch, regarding the status of Defendant's payments under the Settlement Agreement. (Doc. 44 at 1). On January 5, 2017, during a telephone conversation, Attorney Bombatch told Attorney Burch that Defendant was experiencing financial difficulties in light of the downturn in the energy industry, and that it would not be able to make the agreed-upon payments in the time frame set out in the Settlement Agreement. (Id. at 2). The parties agreed that Defendant could make several installment payments to Plaintiff's counsel throughout the month of January 2017. (Id.; Doc. 40-1). Defendant, however, has failed to make these payments. (Doc. 44 at 2-3).

Plaintiff filed the instant Motion to Enforce Court Approved Settlement on January 23, 2017. (Doc. 40). In response to Plaintiff's Motion, Defendant claims that it is financially unable to make any payments to Plaintiff's counsel under the terms of the Settlement Agreement. (Doc. 44). Specifically, Defendant claims that, currently, "demand for [its] services is low, and its revenue stream and cash flow are likewise low." (Doc. 44 at 2). Defendant further claims that it is "awaiting substantial payment from its various customers," stating that "the accounts receivable total is a six-figure amount." (Doc. 44 at 3). Defendant requests, therefore, that the

Court allow it to "make payments according to its receipt of accounts receivable upon which time it will be positioned to furnish said payments." (Doc. 44 at 6).

B. <u>Analysis</u>

The Court has subject matter jurisdiction over Plaintiff's Motion because it expressly retained jurisdiction to enforce the Settlement Agreement in its Order of Dismissal. <u>Shaffer v. GTE North, Inc.</u>, 284 F.3d 500, 503 (3d Cir.2002) (district courts may exercise ancillary jurisdiction to enforce a settlement agreement if they retained jurisdiction to do so in the order of dismissal); <u>see</u> <u>also</u> <u>In re Phar-mor, Inc. Sec. Litig.</u>, 172 F.3d 270, 274 (3d Cir.1999).

"The validity and enforceability of settlement agreements is governed by state contract law." <u>Shell's Disposal & Recycling, Inc. v. City of Lancaster</u>, 504 Fed.Appx. 194, 200 (3d Cir. 2012). "It is by now axiomatic under Pennsylvania law that 'the test for enforceability of [a settlement] agreement is whether both parties have manifested an intention to be bound by its terms and whether the terms are sufficiently definite to be specifically enforced.'" <u>Calif. Sun Tanning USA, Inc. v. Elec. Beach, Inc</u>., 369 Fed.Appx. 340, 346 (3d Cir. 2010) (quoting <u>Channel Home Ctrs. v. Grossman</u>, 795 F.2d 291, 298–99 (3d Cir. 1986)). "Where a settlement agreement contains all of the requisites for a valid contract, a court must enforce the terms of the agreement." <u>Step Plan Servs., Inc. v. Koresko</u>, 12 A.3d 401, 408–09 (Pa. Super. Ct. 2010). Applying the above principles, it is clear that Plaintiff is entitled to an order compelling Defendant to pay the settlement amount. The Settlement Agreement clearly provides for this payment, obligating Defendant to pay class members and Plaintiff's counsel a total of $260,523, as set forth in Paragraphs 2(a), (b) and (c) of the agreement. (Doc. 35-3 ¶¶ 2(a), 2(b) and 2(c)). Indeed, Defendant does not dispute this obligation. (Doc. 44). Rather, Defendant merely asserts that, at this time, it is financially unable to fulfill its contractual obligation. (<u>Id</u>.).

While this Court does not question Defendant's purported inability to fulfill its settlement obligations, this does not justify modification or vacation of those obligations. A business's economic hardship is insufficient to excuse it from fulfilling its contractual obligations. See McDonough v. Toys R Us, Inc., 795 F. Supp. 2d 329, 336 (E.D. Pa. 2011) ("It is well settled that the financial inability of a party to complete obligations under a settlement is not a basis for voiding the settlement.") (citing Felix v. Giuseppe Kitchens & Baths, Inc., 848 A.2d 943, 948 (Pa. Super. Ct. 2004)). Likewise, the Court will not, as Defendant requests, modify the terms of the Settlement Agreement to allow Defendant to "make payments according to its receipt of accounts receivable upon which time it will be positioned to furnish said payments." (Doc. 44 at 6). Defendant misunderstands the role of courts in the settlement process. Contrary to Defendant's belief, "[a] court must enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement." See In re Sulzer Orthopedics & Knee Prosthesis Prod. Liab. Litig., 398 F.3d 782, 783 (6th Cir. 2005); see also Brokers Title Co. v. St. Paul Fire & Marine Ins. Co., 610 F.2d 1174, 1181 (3d Cir. 1979) ("The essence of contract law is the objective intent of the parties and when there has been no allegation of mistake, fraud, overreaching or the like, it is not the function of the court to redraft a contract to be more favorable to a given party than the agreement he chose to enter."). Accordingly, the Court will enforce the terms of the Settlement Agreement, as agreed to by the parties and memorialized in Doc. 35-3.

## II. ORDER

For the foregoing reasons, Plaintiff's Motion to Enforce Settlement Agreement (Doc. 40) is GRANTED. Defendant is ORDERED to issue payment to class members and Plaintiff's counsel, as required by the Settlement Agreement (Doc. 35-3), on or before February 14, 2017.

IT IS SO ORDERED.

February 7, 2017                                s/Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record